UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HOPE MILLER ET AL** | **CASE NO. 2:23-CV-01055** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AEGIS SECURITY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Judgment on the Pleadings and Motion for Summary Judgment [doc. 9] filed by defendant Aegis Security Insurance Company, seeking dismissal of plaintiffs' claims on the basis of prescription. The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from alleged damage to plaintiffs' home in Hurricane Laura, which made landfall on August 27, 2020, and Hurricane Delta, which made landfall on October 9, 2020. At all relevant times the home was insured under a policy issued by defendant. Plaintiffs filed suit against defendant in this court on August 9, 2023, raising state law claims of breach of insurance contract and bad faith. Doc. 1.

After answering the suit, defendant filed a Motion for Judgment on the Pleadings and Motion for Summary Judgment. Doc. 9. There it argues that plaintiffs' claims have prescribed under the two-year limitations period set forth in the policy. Plaintiffs have not

responded within the time set forth under the court's Notice of Motion Setting [doc. 10]. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standards

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment after the pleadings are closed but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The court limits its inquiry to the complaint, documents attached to or incorporated into the complaint, and documents referenced in the complaint that are central to the plaintiff's claims. *Coalition for an Airline Passengers' Bill of Rights v. Delta Air Lines, Inc.*, 693 F.Supp.2d 667, 675–76 (S.D. Tex. 2010) (citing *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)).

A Rule 12(c) motion is decided based on the same standards as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Accordingly, the court "accept[s] all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "[T]he plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*,

495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Accordingly, defendant's sole exhibit (the insurance policy) is within the scope of its Rule 12(c) motion and the court need only consider its claims under this standard.

## B. Application

A federal court sitting in diversity jurisdiction applies state substantive law, including "state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Under Louisiana law, the prescriptive period for personal actions, including actions on a contract, is ten years. La. Civ. Code art. 3499. Bad faith claims are likewise subject to this ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019).

Under Louisiana law, parties may shorten a prescriptive period by contract. *E.g.*, *La. Health Serv. & Indem. Co. v. McNamara*, 561 So.2d 712, 719 (La. 1990). Such an agreement is valid as long as it does not violate a statute or public policy. *Mansfield Rd., LLC v. Great Am. Ins. Co. of N.Y.*, 2022 WL 16857018, at *3 (W.D. La. Nov. 10, 2022) (citing *Noland v. Sun Life Assurance Co. of Canada*, 2001 WL 360775, at *1 (5th Cir. 2001)). Louisiana law also provides that parties to an insurance contract may not limit the prescriptive period for filing first-party claims to a period shorter than 24 months. La. Rev. Stat. 22:868(B).

Here the policy provides, in relevant part:

> **Suits Against Us**
> **You** may not sue **us** unless **you** have complied fully with all of the terms of this coverage part. Suit must be brought within twenty-four months after the **loss**.

Doc. 9, att. 3, p. 36 (emphasis in original). "Loss" is defined as "direct, sudden and accidental physical **loss** or damage which occurs during the policy period." *Id.* at 9 (emphasis in original).

This limitations period is valid as to the contract claims under Louisiana law. As the Louisiana Supreme Court observed in *Smith*, however, bad faith claims are personal claims arising "the contractual **and** fiduciary relationship" between the parties. 285 So.3d at 1069 (emphasis added). They are thus subject to a ten-year prescriptive period that is not modified by limitations within the contract itself. *Accord My Investments, LLC v. Liberty Surplus Ins. Corp.*, 2021 WL 4844739 (La. Ct. App. 1st Cir. 2021). Accordingly, plaintiffs'

bad faith claims were filed within the prescriptive period and the motion will be denied as to those claims.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Judgment on the Pleadings and Motion for Summary Judgment [doc. 9] will be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 17th day of October, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE